# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDRICK LOVE, CDCR #C-22230,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>K.R. HENSLEY, et al.<br><br>　　　　　　　　　　　　Defendants. | Civil No.　09cv1788 BTM (NLS)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I.　PROCEDURAL HISTORY

On August 14, 2009, Plaintiff, a state inmate currently incarcerated at the California State Prison located in Corcoran, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. *See* Oct. 5, 2009 Order at 7-8. The Court also noted that Plaintiff's Complaint appeared to be duplicative of an action he had previously filed and the majority of the claims were barred by the applicable statute of limitations. *Id.* at 3-5. The Court granted Plaintiff leave to file a First Amended Complaint in order to correct the deficiencies of pleading and to plead facts as to why he should be entitled to equitable tolling of his time barred claims. *Id.* at 8. Plaintiff filed his First Amended Complaint ("FAC") on November 25, 2009.

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

As the Court previously informed Plaintiff, the Prison Litigation Reform Act ("PLRA") amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *Id.*

**A.    42 U.S.C. § 1983**

To state a claim under § 1983, Plaintiff must allege that:  (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

**B.    Plaintiff's previous litigation and Statue of Limitations**

Plaintiff originally filed this action against the same Defendants involving the same claims in 2006. *See Love v. Hensley*, S.D. Cal. Civil Case No. 06cv1375 DMS (CAB).[1]  A review of the Court's docket in the 2006 case shows that the Court initially dismissed Plaintiff's Complaint but provided him leave to file an Amended Complaint. Instead of filing an Amended Complaint, Plaintiff filed an Appeal with the Ninth Circuit Court of Appeals.  On August 26, 2008, Plaintiff's Appeal was dismissed by the Ninth Circuit because the Order from which Plaintiff was appealing was not a final Order. *See Love v. Hensley, et al.*, No. 06-56110 (9th Cir. Aug. 26, 2008).   Nearly a year later, on June 18, 2009, Plaintiff filed a "Petition for Writ of Mandamus" in the 2006 case. The Ninth Circuit denied this petition on the grounds that Plaintiff had not "demonstrated that this case warrants the intervention of this court by means of the

---

[1] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

extraordinary remedy of mandamus." *See Love v. United States District Court for the Southern District of California,* No. 09-71854 (9th Cir. June 30, 2009). Plaintiff then filed the action that is before this Court on August 14, 2009.

This Court dismissed Plaintiff's Complaint in the October 5, 2009 Order partially on the grounds that he was barred by the applicable statute of limitations and he failed to set forth facts that would entitle him to equitable tolling. Plaintiff's First Amended Complaint fails to cure these deficiencies.

As the Court previously informed Plaintiff, because section 1983 contains no specific statue of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Here, Plaintiff claims constitutional violations alleged to have occurred from 2001 to 2003. Before 2003, California's statute of limitations was just one year. *Id.* Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PRO. CODE § 335.1). Because it is not clear whether some of Plaintiff's claims would be subject to the former one year time frame, the Court will assume that Plaintiff is entitled to the two year statute of limitations for all of his claims.

While prisoners normally receive an additional two years of tolling of their claims due to their incarceration, Plaintiff admits in his First Amended Complaint that he is serving a life sentence. *See* FAC at 3. In California, this tolling provision applies only to plaintiffs "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." *Jones*, 393 F.3d at 927 (citing CAL. CIV. PRO. CODE § 352.1(a)). Because Plaintiff is serving a life sentence, he is not entitled to the extra two years of statutory tolling. This means that he has two years from the date by which he claims his constitutional rights were violated to file this action. In Plaintiff's First Amended Complaint, those dates range from 2001 to 2003.

/ / /

/ / /

/ / /

/ / /

1  Plaintiff would be entitled to tolling as it relates to his attempts to exhaust his
2 administrative remedies as he is required to do pursuant to 42 U.S.C. § 1997e. *See Brown v.*
3 *Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled
4 while a prisoner completes the mandatory exhaustion process.") Here, Plaintiff admits that he
5 completed that process in "late 2005, early 2006." FAC at 4. Therefore, even giving Plaintiff
6 two years from "early 2006," he should have filed this action no later than early 2008. Instead,
7 he waited another year and a half to file this action.

8  Plaintiff was informed of the three conditions he must meet in order to be entitled to
9 equitable tolling of his claims. *See* Oct. 5, 2009 Order at 4. One condition is that Plaintiff must
10 have diligently pursued his claim. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal.App.
11 4th 1328, 1335 (Cal. Ct. App. 1994). Plaintiff's actions show a lack of diligence in the pursuit
12 of his claims. He failed to comply with the Court's Orders in the 2006 case and instead, chose
13 to file an entirely new action involving the same claims and defendants. In fact he was notified
14 of the Appellate Court's dismissal of his appeal in the previous case in 2008 but waited more
15 than a year to file this new action.

16  Plaintiff attempts to address this issue by claiming that Defendants delayed the processing
17 of his grievances. While that may be true, Plaintiff admits that he fully exhausted his remedies
18 in 2006. As stated above, even allowing for additional tolling during this time frame it took to
19 exhaust his administrative remedies, Plaintiff still delayed the filing of this action more than a
20 year past the time the statute of limitations had run. Plaintiff has set forth no facts which would
21 support a finding that he is entitled to equitable tolling of any of the claims in his First Amended
22 Complaint.

23  Accordingly, the Court finds that all of Plaintiff's claims must be dismissed pursuant to
24 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because they are time-barred.

25 / / /
26 / / /
27 / / /
28 / / /

### C. Access to Courts Claim

Plaintiff also claims that the ineffectiveness of the inmate grievance procedure has caused him to be denied access to the courts. However, once again, he fails to state an access to courts claim. Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348.

Here, Plaintiff cannot state an access to courts claim based on the alleged ineffectiveness of the inmate appeal process. As stated above, Plaintiff was able to bring a § 1983 complaint against the same Defendants based on the same set of facts in 2006. Plaintiff was able to appeal that action to the Ninth Circuit Court of Appeals. He further claims that his administrative grievances were eventually exhausted in 2006. The allegations in the First Amended Complaint and the docket of this Court reflect that any delay caused by prison officials in exhausting Plaintiff's administrative grievances did not result in the dismissal of Plaintiff's civil rights action filed in 2006. Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted.

### D. Equal Protection

Plaintiff claims that he was discriminated against in violation of his equal protection rights when the decision was made to prosecute him for the alleged assault of a correctional officer. *See* FAC at 6.

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Shaw v. Reno*, 509 U.S. 630

1  (1993). Prisoners are protected by the Equal Protection clause against discrimination based on
2  race. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

3  However, conclusory allegations of discrimination are insufficient unless they are
4  supported by facts that may prove invidious discriminatory intent or purpose. *Village of
5  Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Therefore, when an
6  equal protection violation is alleged, the plaintiff must plead facts to show that the defendant
7  "acted in a discriminatory manner and that the discrimination was intentional." *FDIC v.
8  Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted). "'Discriminatory purpose' . . .
9  implies more than intent as volition or intent as awareness of consequences. It implies that the
10 decision maker . . . selected or reaffirmed a particular course of action at least in part 'because
11 of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Adm'r of
12 Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

13 There are no facts in Plaintiff's First Amended Complaint linking the actions of
14 Defendants to a discriminatory purpose. Thus, Plaintiff's Fourteenth Amendment Equal
15 Protection claims are dismissed for failing to state a claim upon which relief can be granted.

16 **E.     Malicious Prosecution**

17 Finally, Plaintiff seeks to hold Deputy District Attorney Gilbert Otero liable for
18 prosecuting him in Imperial County Superior Court for the alleged battery on a peace officer. *See*
19 FAC at 6. Criminal prosecutors are absolutely immune from civil damages suits premised upon
20 acts committed within the scope of their official duties which are "intimately associated with the
21 judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976);
22 *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-
23 93 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action
24 deprived the defendant of his or her liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.
25 1986). Thus, Defendant Otero is entitled to absolute immunity for claims arising from Plaintiff's
26 criminal trial in Imperial County Superior Court.

27 / / /

28 / / /

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's First Amended Complaint is **DISMISSED** both for failing to state a claim upon which relief may be granted and for seeking damages against defendants who are immune pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

Plaintiff's remedy to pursue these claims is to seek relief from the Court in *Love v. Hensley*, S.D. Cal. Civil Case No. 06cv1375 DMS (CAB). Plaintiff may not file a new action based on the same claims against the same Defendants.

(2) Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: April 21, 2010

Honorable Barry Ted Moskowitz
United States District Judge